## Maria P. Barnes, Appellant, v. Mary C. Barnes, Administratrix, Appellee.

### Gen. No. 21,926.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. LOCK-WOOD HONORE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed and remanded with directions. Opinion filed February 17, 1917. Rehearing denied March 6, 1917.

### Statement of the Case.

Bill for an accounting by Maria P. Barnes, complainant, against Mary C. Barnes, administratrix of the estate of Erastus A. Barnes, the deceased husband, for certain money and securities claimed to have been intrusted by complainant to deceased for investment and safe-keeping.

After the issues were formed the cause was referred to a master in chancery for hearing, with directions to state his conclusions of law and fact. At the close of complainant's testimony before the master, defendant moved the court to dismiss complainant's bill for want of equity, which motion was also referred to the master: In his report, based solely on the complainant's testimony, the master recommended to the court that defendant be required to account to the complainant in accordance with the prayer of her bill; pursuant to which the court overruled defendant's motion to dismiss the bill. By stipulation of the parties, all further proceedings were had before the court, at the conclusion of which the court dismissed the complainant's bill for want of equity.

The cause proceeded to a full hearing, both on the preliminary question involving complainant's right to an accounting and on the accounting between the parties, as well, before the court. The testimony taken

and the exhibits received in evidence covered upwards of 10,000 typewritten pages in the record. It appeared therefrom that there was a multitude of transactions of a fiduciary nature between the complainant and her deceased brother, extending over a period upwards of thirty-five years, during which she intrusted him with practically her entire earnings, savings and income, aggregating approximately $50,000; that no settlement thereof was ever had; that the deceased invested complainant's money from time to time, retaining possession of the securities so purchased; that the securities and other personal effects of both were kept in a safe deposit box rented by them jointly, to which each had access; that when complainant's brother died, there were in their joint possession securities and assets of an aggregate value approximating $86,000; that many of these securities bore no evidence from which their ownership could be determined. The evidence further showed that during the same period of time the deceased had accumulated a sum of about $50,000, the greater part of which he lost through speculation.

OSCAR E. LEINEN, for appellant; ROBERT F. KOLB, of counsel.

HENRY W. MAGEE and E. W. ADKINSON, for appellee.

MR. JUSTICE McDONALD delivered the opinion of the court.

### Abstract of the Decision.

1. ACCOUNT, § 40*—*when case should be referred to master.* On a bill for an accounting where the items are numerous, the testimony questionable and the accounts complicated, the court should refer the case to the master with direction to take and report the evidence

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Barnes v. Barnes, 202 Ill. App. 289.

and to state and report an account between the parties so that upon objection and exception particular items may be open for investigation on appeal, and so that it will not be necessary to examine the whole account.

2. ACCOUNT, § 40*—*when parties may not stipulate for hearing before court.* The parties to a bill for an accounting which should properly be referred to a master may not stipulate that such hearing may be had before the court instead of before the master.

3. EQUITY, § 66*—*when maxim that he who comes into equity must come with clean hands is inapplicable.* Where a cause of action has its origin in iniquity, a court of chancery will not lend its aid to a complaining party by dismissing the suit because "He who comes into equity must come with clean hands," but where the iniquity does not go to the right of action itself but affects only the proof of certain items incidentally connected therewith, the rule cannot be extended to preclude the complaining party from obtaining the relief sought as to other items in an action for an accounting which the evidence clearly shows to be untainted with such iniquity.

4. ACCOUNT, § 55*—*when decree on bill for accounting will be reversed and cause remanded with directions to re-refer cause.* Where a bill for an accounting, which involves the consideration of a complicated account and questionable testimony, is improperly heard by the court instead of by the master, the decree will be reversed and the cause remanded with directions to re-refer the same to the master to take and report the testimony and to take and state an account.

5. COSTS, § 79*—*when costs on appeal in reversed and remanded case taxed equally between parties.* On a bill for an accounting against the administratrix of the estate of a deceased person in which the decree was reversed and the cause remanded, where the case had not been heard by a master, instead of by the court, *held* that the costs of appeal should be taxed one-half to the complainant and one-half to the defendant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.